IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFREY SCOTT RATCHFORD,
ADC # 127515; CHARLES E. BUTLER,
ADC # 110397; ROBERT HEFFERNAN,
ADC # 76641; and DELLEMOND
CUNNINGHAM, ADC # 104415                                PLAINTIFFS

v.                     No. 5:11-cv-180-DPM-JTK

GLADYS M. EVANS, Program
Specialist, Varner Unit, ADC;
BARBARA SMALLWOOD,
Business Manager, Varner Unit,
ADC; JAMES BANKS, Warden,
Varner Unit, ADC; and RAY
HOBBS, Director, Arkansas
Department of Correction                                DEFENDANTS

ORDER

The Court has considered Magistrate Judge Jerome T. Kearney's Proposed Findings and Recommendations, *Document No. 75*, to which Ratchford, et al., objected, *Document No. 80*. Upon *de novo* review of the record, FED. R. CIV. P. 72(b)(3), the Court adopts Judge Kearney's well-crafted proposal as its own.

To begin, the Court agrees that Ratchford's motions, *Document Nos. 6, 14, & 30*, should be construed as motions for preliminary injunctive relief. But

inmates have no constitutional right to access to typewriters. *American Inmate Paralegal Association v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988). The cases Ratchford cited in his objections, *Document No. 80, at 5–6*, are distinguishable. In *Cody v. Weber*, the Court of Appeals noted that, as here, "an inmate whose legal papers were removed . . . but who was allowed to obtain copies of requested portions and ultimately regain possession of all the papers could not avoid summary judgment[,]" because he could not show he suffered any prejudice. 256 F.3d 764, 770 (8th Cir. 2001). And in *Waff v. South Dakota Department of Corrections*, an unpublished opinion, the denial-of-court-access claim arose because the prisoners "were forced to abandon their machines," upon which they had stored their legal documents. 51 Fed. App'x. 615, 616 (8th Cir. 2002). As the record shows, there is no abandonment here—the Defendants have already made efforts to allow the prisoners to retrieve their stored legal work.

Moreover, the Court agrees that the Plaintiffs have suffered no actual injury, nor have they been denied access to the courts. This is most evident by the fact that they were able to file and prosecute this very lawsuit with handwritten documents.

The Court agrees that the Plaintiff's motion for preservation of their electronic files, *Document No. 43*, should be granted in part and denied in part, and adopts Judge Kearney's sound directive that inmates at Varner be given adequate notice and at least sixty days in which to retrieve all their files before they are removed from the system or otherwise destroyed. The motion for class certification, *Document No. 21*, is denied for the reasons stated in the recommended disposition, *Document No. 75, at 17–20*.

\* \* \*

The motions for preliminary injunctive relief, *Document Nos. 6, 14, & 30*, are denied. The motion for protective order/preservation of electronic files and documents, *Document No. 43*, is granted in part and denied in part. The motion for class certification, *Document No. 21*, is denied.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

<u>13 January 2012</u>