## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JEFFREY SCOTT RATCHFORD,                                                          PLAINTIFFS
ADC #127515, et al.

v.                                       5:11-cv-00180-DPM-JTK

GLADYS M. EVANS, et al.                                                           DEFENDANTS

### **ORDER**

This matter is before the Court on several pending Motions (Doc. Nos. 81, 83, 86).

1.      Motion to Intervene (Doc. No. 81)

This Motion was filed by Inmate Gary Gardner, who is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction (ADC).  He asks to join in this action as a plaintiff, claiming the facts of the present case to be similar to a problem he is experiencing.  Specifically, the allegations of the present Complaint concern a new Varner Unit policy which prevents inmates from using word processors to compose and store legal documents.  Inmate Gardner states he no longer is permitted to type up his own legal work, and does not trust permitting other inmates to type his work on his behalf.

Defendants oppose Gardner's Motion, stating he does not allege that he is prevented from hand-writing his complaints and mailing them to the Court, and he acknowledges that inmate clerk typists are available to complete any typing tasks he needs.  In addition, Defendants note that inmate Gardner is incarcerated at a different Unit from the Plaintiffs and does not include any allegations against the named Defendants.

This Court recently denied Plaintiffs' Motion for Class Certification, finding that the claims or defenses of the present Plaintiffs may differ from those of other inmates, and that Plaintiffs could

not fairly and adequately protect the interests of other members of the class. The Court also notes that inmate Gardner cites no statutory or case law in support of his Motion. While FED.R.CIV.P. 24(b) provides for permissive intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact," the Court finds that inmate Gardner does not show that his claim is sufficiently intertwined with that of the Plaintiffs in this case. He also does not, as noted by the Defendants, allege the involvement of any of the named Defendants. While he may certainly file his own lawsuit based on his particular circumstance, the Court finds that he should not be permitted to intervene in the present lawsuit. Therefore, the Motion will be denied.

    2.      Motion to Compel (Doc. No. 83)

Plaintiffs ask the Court to compel Defendants to produce several documents previously requested.

           a)      Request One - Documents and reports concerning Defendant Evans' June 9, 2011 investigation into possible misuse of law library computers by inmates. Specifically, Plaintiffs seek a list of the inmates found to have had password protected files on the computers. Defendants object, stating such information is confidential and could possibly disclose sensitive computer operational information. Plaintiffs claim that the information is relevant to their claims that Defendant Evans targeted them with false charges, since she only filed disciplinary charges against the four Plaintiffs, and not against others found to have password protected files.

At this point, the Court concurs with the Defendants' objections, based on confidentiality and security concerns. However, some of the information apparently sought by Plaintiffs – such as the number of inmates found to have password protected files, and Defendant Evans' reasons for filing only four disciplinary charges – could possibly be obtained through the use of interrogatories.

    b)  Request Two - Major disciplinaries written by Defendant Evans on or about June 21, 2011. Defendants state they provided Plaintiffs with copies of the disciplinaries written against them, but that any other disciplinaries are confidential and irrelevant to Plaintiffs' claims. Plaintiffs claim this is relevant to their retaliation/false disciplinary charge claims and that numerous sources informed them that they were not the only ones targeted with disciplinaries.

 Again, the Court finds that copies of disciplinaries written against other inmates, who are not parties to this action, should not be provided, based on confidentiality. However, Plaintiffs can use interrogatories to determine if other inmates received disciplinary charges on that same date based on the same facts as set forth in Plaintiffs' Complaint.

    c)  Requests Five, Six, Eight, and Eleven - Plaintiffs ask for copies of the following policies: qualifications for employment as law library supervisor, law library accreditation and standards, legal assistance to pro se inmates, and law library passes for extra time in the Unit law library. Defendants respond that the latter requested policy was provided to the Plaintiffs and that other policies are not relevant to material issues of this case. Plaintiffs state the information is relevant to the issue of access to the courts.

 The Court finds that most of the policies requested by the Plaintiffs are not relevant to the issues set forth in their Complaint. Plaintiffs allege Defendant Evans filed retaliatory disciplinary charges against them in June, 2011, with respect to the issue of password protected files. They also claim denial of access to the courts, due to Defendants preventing them from using the law library computers to type their own legal documents. The information Plaintiffs seek in their production requests, and as outlined in their Motion, is not relevant to the access to the courts issue as framed in their Complaint. Plaintiffs allege a denial of access to the courts only with respect to Defendants' decision to limit their access to the Inmate Word Processing System. Therefore, the Court will deny

3

Plaintiffs' requests.

        d)       Requests Thirteen, Fifteen, Seventeen, and Eighteen - Plaintiffs ask for transcripts of various disciplinary hearings. Defendants object, stating that transcripts are not available, that Plaintiffs are prohibited from possessing the tapes themselves, and that the Plaintiffs were provided with written reports which were created from the charges and the hearing results.

Plaintiffs do not indicate to the Court what additional information would be available to them through transcripts of the tapes of the hearings. They also do not state to the Court how such information is relevant to their claims against Defendants. Therefore, the Court will deny these requests.

      3.       Motion for Copies (Doc. No. 86)

Plaintiffs ask the Court to provide them with a transcript of the November 3, 2011 hearing conducted on their motions for preliminary injunctive relief and class certification. By Order dated January 13, 2012, this Court denied Plaintiffs' Motions for injunctive relief, temporary restraining order and class certification, and granted in part their motion for protective order (Doc. No. 88). In the Motion for Copies, Plaintiffs state they seek to use some of the testimony produced at the hearing at a forthcoming trial, and cannot afford the cost of a transcript.

Defendants do not specify what particular testimony is needed or how such testimony would be relevant to the claims at trial. In addition, there is no indication that these individuals would not be available to testify at any future trial. In Simmons v. Arkansas, No. CR 06-785, 2006 WL 3325424 (Ark. 2006), the court held that the Arkansas Freedom of Information Act does not require that an appellate court provide photocopying at public expense, and that the fact that the petitioner was indigent did not entitle him to a copy of the transcript at public expense, citing Moore v. State, 324 Ark. 453, 921 S.W. 2d 606 (1996) (per curiam), and Washington v. State, 270 Ark. 840, 606

4

S.W.2d 365 (1980) (per curiam).   Accordingly,

    IT IS, THEREFORE, ORDERED that :

    1)    The Motion to Intervene, filed by inmate Gary Gardner (Doc. No. 81) is DENIED;

    2)    Plaintiffs' Motion to Compel (Doc. No. 83) is DENIED;

    3)    Plaintiffs' Motion for Copies (Doc. No. 86) is DENIED.

    IT IS SO ORDERED this 23rd day of January, 2012.

                                                      JEROME T. KEARNEY  
                                                      UNITED STATES MAGISTRATE JUDGE